20-1879-cv
*Bello v. Rockland Cnty. et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-one.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
                        *Circuit Judges.*

---

ROBERT BELLO,

                    *Plaintiff-Appellant,*                          20-1879-cv

            v.

ROCKLAND COUNTY, NEW YORK, SHERIFF LOUIS
FALCO, III, Individually, THOMAS SIMETI,
Individually,

                    *Defendants-Appellees,*

"JOHN DOES 1-5", Individually,

                    *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**        AMY L. BELLANTONI**,** The Bellantoni Law
                                    Firm, PLLC, Scarsdale, NY.


**FOR DEFENDANTS-APPELLEES:**       ROBERT B. WEISSMAN, Saretsky Katz
                                    Dranoff, LLP, Elmsford, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 11, 2020 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Robert Bello ("Bello") appeals from a judgment of the District Court granting defendants-appellees' motion for judgment on the pleadings on Bello's claims that the defendants, Rockland County, Rockland County Sheriff Louis Falco III and Counsel to the Sheriff Thomas Simeti (together, "Rockland County"), violated his Fourteenth and Fourth Amendment rights when they would not return firearms, confiscated pursuant to a letter "entitled, 'Notice of Suspension and Order to Surrender Weapons'" (Complaint ¶ 33) (the "Surrender Order"). The Surrender Order, issued by the Honorable Thomas E. Walsh II (*see id.* ¶ 32), a justice of the New York State Supreme Court, directed Lori Bello, Bello's mother, with whom he resided, to "turn in all weapons she owns or co-owns and/or which are listed on her pistol permit to the Rockland County Sheriff's Office within 48 hours" (*id.* ¶ 32). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a District Court's grant of a motion for judgment on the pleadings *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Hayden v. Patterson*, 594 F.3d 150, 160 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178-79 (2d Cir. 2013) (internal quotation marks omitted). However, "we 'are not bound to accept as true a legal conclusion couched as a factual allegation,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), nor are we required to accept as true allegations that are wholly conclusory, *see, e.g.*, *Iqbal*, 556 U.S. at 678-79, 681, 686.

A.

On appeal, Bello challenges the District Court's dismissal of his post-deprivation Fourteenth Amendment claims. He argues that Rockland County violated his procedural due process rights when it refused to return the confiscated firearms. We disagree.

In reviewing Bello's procedural due process claim, we note that the Complaint plainly alleges that Bello possessed a property interest in the guns that he co-owned with Lori Bello, stating that the guns "registered to Lori Bello's pistol license were also registered to, and listed on the back of, Robert Bello's pistol license" (Complaint ¶ 28). However, we cannot accept Bello's assertions that he had no adequate remedy to require the Sheriff's Department to restore the guns to his possession.

2

The Complaint's allegations that "no person other than Lori Bello" was a "subject of" the Surrender Order (*id.* ¶ 35), that, in issuing the Surrender Order, Justice Walsh was performing a "ministerial function" rather than an act that was judicial (*id.* ¶ 37), and that there were no procedures available to him to regain possession of the guns he co-owned with Lori Bello (*id.* ¶¶ 93, 114), are assertions of legal conclusions that the court is not required to accept. First, the assertion that issuance of the Surrender Order by a State Supreme Court Justice in Rockland County was merely a ministerial act, not a judicial act, is a legal characterization that is untenable. *See generally Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 117 (2d Cir. 2020) (except as to New York City and Long Island, the New York State statutory scheme governing gun possession places the authority with respect to firearms license applications in "state judges," and a decision as to the permissibility of firearm possession that "ar[ises] out of an individual case before" such a judge is a "judicial act[]" (internal quotation marks omitted)). Second, the assertion that Lori Bello was the only person the Surrender Order purported to affect is belied by the Surrender Order itself, which, as the Complaint alleges, expressly included the direction that Lori Bello surrender guns she "co-owns" (Complaint ¶ 32). As an alleged co-owner of the guns listed on Lori Bello's license, Bello was plainly affected by the order that Lori Bello turn them over to the Sheriff's Department, and he accordingly plainly had standing to seek directly from Judge Walsh a modification of the Surrender Order to permit the Sheriff's Department to return possession of the guns to Bello. Accordingly, we agree with the District Court that his procedural due process claim fails because he did not utilize the process he had available to him, namely, seeking an amendment to the Surrender Order from Justice Walsh or from the New York appellate courts.

B.

Bello also argues that Rockland County violated his Fourth Amendment rights by retaining the seized weapons. Again, we agree with the District Court that Rockland County's actions did not violate the Fourth Amendment. "Where, as in this case, an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004). The mere fact that Rockland County continued to possess the seized firearms therefore does not give rise to a plausible Fourth Amendment claim.

C.

Bello contends that the District Court erred when it found that the individual defendants were entitled to "quasi-judicial immunity." As we find that Bello has failed to plead an underlying violation of his constitutional rights, it is not necessary to reach the issue of whether the Sheriff's retention of Bello's firearms is protected by judicial immunity.

3

D.

Finally, Bello argues that the District Court erred when it dismissed his *Monell* claim. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). We again disagree. As our analysis above demonstrates, he has failed adequately to plead an underlying violation of his constitutional rights.

**CONCLUSION**

We have reviewed all of the arguments raised by Bello on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 11, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4